UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DAVID ELI CRAMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 2:15-CV-286-JRG |
| v. ) | 2:12-CR-22-JRG-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Now before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 27]. Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. Petitioner argues that the Court should utilize the mode of analysis announced in *Johnson* to determine if its imposed punishment to Petitioner violates the Constitution's guarantee of due process [Doc. 31 p. 8]. The Government filed a response in opposition to Petitioner's § 2255 motion [Doc. 35] and, in turn, Petitioner filed a reply [Doc. 40]. For the reasons stated below, the motion to vacate [Doc. 27] will be **DENIED**.

I.  **Background**

In 2012, Petitioner pled guilty to attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) [Doc. 22]. He went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except those that involve "claims of ineffective assistance of counsel or prosecutorial

misconduct" [Doc. 13 p. 6]. At his change of plea hearing, the district court confirmed Petitioner understood his rights, the nature of the charges, and the consequences of pleading guilty [Doc. 22].

The presentence report indicates that Petitioner had a total offense level of twenty-seven and a criminal history category of III, which yielded a guidelines range of eighty-seven to 108 months of imprisonment [Presentence Report ("PSR")]. However, he was also subject to a statutorily mandated minimum sentence of 120 months, and that became the applicable guidelines range. *See* 18 U.S.C. § 2244(b); USSG § 5G1.1(b). Petitioner did not file any objections to the PSR. On November 19, 2012, the district court sentenced him to 120 months of imprisonment and a life term of supervised release [Doc. 19].

On appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)[1], and the Sixth Circuit affirmed Petitioner's conviction and sentence on July 16, 2013 [Doc. 24].

Over two years after his appeal, in October of 2015, Petitioner filed this motion pursuant to 28 U.S.C. § 2255. Petitioner argues that his motion is timely filed based on the retroactively applicable constitutional right recognized in *Johnson*. *Johnson*, 135 S. Ct. 2551. In his § 2255 motion, Petitioner moves the Court to set aside the special conditions of supervised release ordered by the sentencing Court based on unconstitutionally vague statutes [Doc. 38 p. 8].

---

[1] An *Anders Brief* is a brief filed by a criminal defendant's attorney who wants to withdraw from the case on appeal based on the belief that the appeal is frivolous. *Anders v. California*, 386 U.S. 738 (1967). According to *Anders*, the brief must raise all possible arguable issues for appeal in order to fulfill the requirement that counsel be an "active advocate" for his/her client. *Id*.

2

## II. Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. Timeliness

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The Sixth Circuit makes clear that claims based on the Supreme Court's opinion in *Johnson*[2] satisfy the third sub-category—assertion of a newly recognized right made

---

[2] Prior to *Johnson,* a felon who possesses a firearm normally faced a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possessed the firearm after having sustained three prior

3

retroactively applicable on collateral review—and thus trigger a renewed one-year statute of limitations running from the date of that decision, June 26, 2015. *See* No. 15-5038, slip op. at 9-10 (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). Since Petitioner argues that *Johnson* applies retroactively to cases pending on collateral review, Petitioner maintains that it also applies to his motion to vacate [Doc. 27].

Based on the analysis below, the Court finds that the holding in *Johnson* does not apply to Petitioner's sentence, and therefore, the period of limitation did not run from the date on which *Johnson* was decided, but rather from the date on which Petitioner's conviction became final. Accordingly, his motion to vacate is found to be untimely and unreviewable.

## IV. Petitioner's Alleged Relation to *Johnson*

Petitioner argues that *Johnson* is unambiguous and maintains that the vagueness doctrine analyzed in *Johnson* exists not only to provide notice to individuals, but also to prevent judges from imposing arbitrary or systematically inconsistent sentences [Doc. 38 p. 3]. Petitioner asserts that these concerns set out in *Johnson* have led other courts to conclude that portions of other statutes are also unconstitutionally vague [*Id*. citing *United States v. Madrid*, 2015 U.S.

---

convictions "for a violent felony or serious drug offense, or both," the ACCA required a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increased the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not automatically invalidate all ACCA sentences. *Id*. Under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause.

App. LEXIS 19133 (November 2, 2015)]. He states that "there exists absolutely nothing in the *Johnson* decision to support . . . that *Johnson* is reserved solely for challenges to the application of the Armed Career Criminal Act of 1984, or that this Court . . . is precluded from utilizing it to cure the impropriety of the duration and special conditions of the term of supervised release it imposes" [Doc. 38 p. 3].

Initially, Petitioner argued that § 3583(a) is ambiguous and impermissibly vague, and the Court erred in imposing a term of lifetime supervision, with special conditions of supervision that are not germane to the offense of conviction[3] [Doc. 38 p. 6]. However, in his reply, Petitioner withdrew the challenge to the duration of his term of supervised release on the basis that he is satisfied that the Court considered all relevant § 3553(a) factors when it imposed the lifetime term of supervised release [Doc. 40 p. 8]. He now maintains that only the special conditions of supervised release are not germane to the offense of conviction, and should be removed from his sentencing [*Id.*].

The special conditions of supervision ordered by the Court require the following: (1) Defendant shall comply with the following special conditions for sex offenders as adopted in Local Rule 83.10(b): 83.10(b)(1), (b)(3), (b)(4), (b)(5), (b)(6), (b)(7), (b)(8), (b)(9), (b)(10), (b)(11), and (b)(12); (2) Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer; (3) Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the

---

[3] Specifically, Petitioner first argued in his § 2255 motion that 18 U.S.C. § 3583(a) is unconstitutionally vague because it states that a court "may" impose a term of supervised release and, Petitioner asserts that "may" is not "sufficiently precise" to prevent arbitrary enforcement [Doc. 31]. If this argument would have remained, the Court would have found that lifetime supervision is within the statutorily authorized limits because the term of supervised release under § 3583(k) requires a term of years not less than 5, or life.

5

program by the probation officer. He shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider [Doc. 19 p. 4].

**V.     Analysis**

The Court finds that the holding in *Johnson* is inapplicable under the facts of this case because Petitioner's sentence was not based on the residual clause of the ACCA or career offender guidelines. The Court further finds that the vagueness doctrine complained of by Petitioner throughout his initial memorandum and reply clearly predates *Johnson*, and therefore, the Court finds no reason why Petitioner could not have brought these claims to the Court's attention within the one-year statutory time limitations set out in § 2255(f).

The Court takes note of Petitioner's argument articulated in his reply brief asserting that his counsel was ineffective for not calling into question the reasonableness of the special conditions of supervised released imposed by the Court on direct appeal [Doc. 40]. As previously stated, a notice of appeal was filed with the Court on November 29, 2012 by Petitioner's counsel. Petitioner claims that he expressed to his counsel a desire to appeal the duration and special conditions of his supervised release, but instead counsel moved to withdraw from further representation of Petitioner and filed an *Anders* brief. On July 16, 2013, the Sixth Circuit Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. Petitioner maintains that raising his challenge to the special conditions on habeas review is the first opportunity he has had to cure such ineffective assistance by counsel. The Court, however, finds that by waiting over two years after the dismissal of his appeal, Plaintiff has failed to timely file this § 2255 motion, and thus, a denial of such is proper.

6

## VI. Conclusion

For the reasons stated above, the Court finds Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 27] will be **DENIED**. No evidentiary hearing is warranted since it plainly appears from the record that Petitioner is entitled to no relief.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

**A SEPARATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE